# R. F. Conway Company, Appellant, v. City of Chicago et al., Appellees.

## Gen. No. 20,822.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 15, 1915.

## Statement of the Case.

Bill by R. F. Conway Company, a corporation, plaintiff, against the City of Chicago and others, defendants, in the Circuit Court of Cook county, to restrain the enforcement of and to determine the question of liability under a contract for constructing a public improvement. From an order dismissing the bill for want of equity, plaintiff appeals.

TOLMAN & REDFIELD, for appellant.

JOHN W. BECKWITH and JOSEPH F. GROSSMAN, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 751*—*when facts and conclusions in order not reviewable.* An order dismissing a bill for want of equity should not, as a matter of proper practice, recite facts and conclusions from the evidence, and on appeal such facts and conclusions, if recited, are not before the Appellate Court for review.

2. INJUNCTION, § 72*—*when enforcement of contract not restrained.* A contract whereby a contractor agrees to construct a wooden pavement in a street, and as a guaranty of the faithful performance of the agreement further agrees to keep the same in a satisfactory condition for a term of years without additional cost to the contractee, is not so unreasonable as to require the interference of a court of equity to restrain its enforcement, for the reason that a guaranty of the durability of an improvement constructed by the guarantor has reference not only to the materials used and to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

work done but also includes the finished product, with reference to any reasonable and probable future use thereof:

3. CONTRACTS, § 169*—*how contract for improvement construed.* Where a contractor as a guaranty of faithful performance of a contract to construct a wooden pavement in a street whereon a street railroad is maintained, agrees to maintain such pavement in a satisfactory condition for a term of years after completion without additional cost to contractee, it is unreasonable to require contractee to continue to use or cause to be used on such street the same type of cars used at the time the improvement was constructed, for the reason that the contract must be deemed to have been made with knowledge of and reference to the possibility that in the future a different and heavier type of cars might be used on such street, whose added weight might have such an effect on the soil of the street as to cause the pavement constructed by the contractor to sink and require repair under the contract.

4. CONTRACTS, § 175*—*how contract for improvement construed.* A contract whereby a contractor agrees to construct an improvement, and as a guaranty of the faithful performance thereof further agrees to maintain the same in a satisfactory condition for a term of years after completion, without additional cost to contractee, and also agrees that contractee may retain a part of the contract price during such term to secure such performance, is not a contract to maintain a local improvement by special assessment, although contractee threatens if contractor fails to maintain the improvement as provided by the contract, contractee will cause the necessary repairs to be made and apply to the payment therefor the amounts retained under the contract.